THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCHE DIABETES CARE, LTD.,**<br><br>Defendant. | **CIVIL ACTION NO.** 2:23-cv-00585<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff files this complaint for patent infringement against defendant and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant Roche Diabetes Care, Ltd. is a foreign entity to the State of Texas.

> This website makes use of licensed stock photography. All photography is for illustrative purposes only and all persons depicted are models.
>
> This website contains information on products which are targeted to a wide range of audiences and could contain product details or information otherwise not accessible or valid in your country. Please be aware that we do not take any responsibility for accessing such information which may not comply with any valid legal process, regulation, registration or usage in the country of your origin.
>
> © 2023 Roche Diabetes Care Limited. All rights reserved.

*Figure 1 – Excerpt showing Accused Instrumentality appearing on website owned by Roche Diabetes Care Limited as last visited on December 10, 2023, at https://www.accu-chek.com/products/mysugr.*

3. Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**ACCUSED INSTRUMENTALITIES**

4. Defendant's ACCU-CHEK Guide meter and "ACCU-CHEK Guide Me" meter use the patented inventions when paired with the mySugr app (collectively "Accused Instrumentalities"). There is not an alleged infringement asserted in this lawsuit beyond the Accu-Chek Guide meter now discontinued products that retain convoyed sales for the selling of test strips for glucose monitoring. Defendant makes, uses, imports, sells, or offers to sell the Accused Instrumentality to infringe only Patent Claims asserted direct and indirectly, which are specifically Claims 1, 3, 6, 8, 9, 12, 14, 20, 22, 24, 27, 29, 30, 32, 34, 37, 39, 40, 42, 44, 47, 49, and 50 of the '723 Patent and Claims 1, 3, 11, 13, 17, 18, 19, 21, 22, and 23 of the '195 Patent.



Figure 2 – Excerpt from Defendant's website, as last visited on September 29, 2023, https://www.accu-chek.com/products/mysugr.

**COUNT I**

## **Infringement of United States Patent No. 8,671,195**

5. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

6. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

7. Defendant has knowledge of its infringement of the '195 Patent (**Exhibit 1**), at least as of the service of the present complaint.

8. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '195 Patent by making, using, importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 3**.

9. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '195 Patent, by having its employees internally test and use the Accused Instrumentalities.

10. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 3**) and references cited, constitutes actual knowledge of infringement as alleged here.

11. **Exhibit 3** includes at least one chart comparing the exemplary claim 1 of the '195 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '195 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '195 Patent.

12. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 3**.

13. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

14. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

15. The '195 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '195 Patent, pursuant to 35 U.S.C. § 271.

17. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '195 Patent, without license or authorization.

18. As a result of Defendant's infringement of the '752 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

19. Plaintiff is in compliance with 35 U.S.C. § 287.

20. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '195 Patent up until the date that Defendant ceases its infringing activities or until expiration projected by Google Patents to be no earlier than February 6, 2032.

21. Defendant's infringement is willful as it had knowledge of the patents through its Freedom to Operate analysis performed on information and belief.

## COUNT 2
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

22. Plaintiff incorporates above paragraphs herein by reference.

23. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

24. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

25. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as **Exhibit 2**.

26. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '723 Patent by making, using, and/or selling glucose monitoring systems covered by one or more claims of the '723 Patent. Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

*Figure 3 – Excerpt from Defendant's website, as last visited on September 29, 2023, https://www.accu-chek.com/products/mysugr.*



*Figure 4 – Excerpt from Defendant's website, as last visited on September 29, 2023, https://www.accu-chek.com/products/mysugr.*

28. Regarding Claim 1, the method is configured to receive a media file from a wireless mobile device over a communication network (e.g. Bluetooth network). The wireless mobile device (e.g., mobile phone) sends data (e.g., Accu-Chek Guide) to the mySugr App system. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

29. The Product includes a wireless receiver (e.g., Bluetooth receiver). Certain aspects of this element are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

30. The Product includes a security measure. For example, the Product must be paired and connected by inputting a password and/or Bluetooth code (i.e., a security measure) to a wireless mobile device (e.g., mobile phone) before receiving data. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



*Figure 5 – Excerpt from Exhibit 3 at 5.*

31. The Product is disposed in an accessible relation to at least one interactive computer network (e.g., Bluetooth network) that has a wireless range structured to permit authorized access (e.g., via pairing code) to said at least one interactive computer network.

32. When the wireless mobile device is within the wireless range, the wireless mobile device is detectable by the media system (e.g., the media system automatically detects a smartphone when the mobile device is within Bluetooth range).



*Figure 6 – Excerpt from Exhibit 4 at 6.*

33.     The media system is structured to detect the wireless mobile device disposed within the wireless range (e.g., media system automatically detects the mobile phone when it is within Bluetooth range). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

34.     A BLE communication link is initiated by the media system. The devices will automatically connect when the units are in range.  Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

35. The wireless mobile device and the media system are structured to transmit the at least one digital media file there between via the communication link (e.g., media system allows for the transmission of files between itself and the wireless mobile device).

36. The communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (e.g., the media system bypasses the security measure of the Bluetooth network).

37. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

38. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

39. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

40. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c)  Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d)  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  December 11, 2023                    Respectfully Submitted,

*/s/ Randall T. Garteiser*
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
M. Scott Fuller
   Texas Bar No. 24036607
   rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**