UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**ROCHE DIABETES CARE, LTD.,**<br><br>　　　　Defendant.<br><br><br>**DISPLAY TECHNOLOGIES, LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**WONDERSHARE TECHNOLOGY GROUP CO LTD.,**<br><br>　　　　Defendant. | **Lead Case No. 2:23-cv-00585-JRG-RSP**<br><br>**Consolidated Case No. 2:24-cv-00046-JRG-RSP**<br><br>**Jury Trial Demanded**<br><br>**[Concurrently filed with supporting declaration of Colin R. Jensen and [Proposed] Order]** |

**OPPOSITION TO MOTION TO DISMISS FOR IMPROPER SERVICE AND**

**MOTION FOR ALTERNATE SERVICE**

　　Plaintiff Display Technologies, LLC respectfully opposes Defendant Wondershare Technology Group Co Ltd. motion to dismiss, and now itself moves for Alternative Service.

　　Defendant appeared on February 20, 2024 (Dkt. 5) and filed an Application to Extend the Deadline to Respond until March 21, 2024 (Dkt. 6), on which date Defendant filed a Motion to Dismiss at Dkt. 7. Once aware of the lawsuit, Wondershare hired a well-known U.S. law firm to represent it. It served a Rule 11 motion on counsel. It has been zealously represented by its U.S. Counsel.

Plaintiff seeks to serve defendant's counsel in this case, who are located in the United States. Therefore, Plaintiff's requested alternative service will take place within the United States and not within the territory of a foreign signatory. Accordingly, the requested alternative service is not precluded by the Hague Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

Courts have broad discretion in considering a request for alternative service under Rule 4(f)(3). In re OnePlus, 2021 WL 4130643, at *3–4. Courts consider the delay of service under the Hague Convention. Courts also consider "the additional expense of serving a defendant in a foreign country." *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. Jul. 2, 2014). Plaintiff also asks this Court to take into account a plaintiff's "multiple attempts to effectuate service." *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00044-JRG, 2021 WL 9095765, at *4 (E.D. Tex. Nov. 2, 2021).

Plaintiff asks that the Court avoid further delay that will occur as service under the Hague Convention will likely be a substantial cost and expensive, both factors that weighs in favor of granting Plaintiff's request for alternative service. Courts have found that delays in service alone under the Hague Convention support alternative service. *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. Jul. 2, 2014) (collecting cases). Courts have granted Rule 4(f)(3) relief when "failure to permit alternat[ive] service will result in unduly long delays in litigation." *Int'l Designs Corp., LLC v. Qindao SeaForest Hair Prods. Co., Ltd*., No. 17-60431-CIV-MORENO, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018).

Defendant has actual knowledge of this patent infringement case as illustrated, by Defendant filing an amended motion to dismiss. Defendant through its counsel refused to accept a 90-day extension in exchange for waiver of service of process under Rule 4. Defendant has been served through the Secretary

of State as confirmed on April 18, 2024.  (Declaration of Colin R. Jensen).  Defendant was also served via FedEx by Plaintiff at its agent for service of process in Canada.  *Id.*

Defendant reports an annual revenue of about $377 million, which qualifies as sophisticated company that has proven it is well-aware of this patent infringement lawsuit.

A complete time of efforts made to serve Defendant and interactions with said Defendant are provided in the supporting declaration of Colin R. Jensen, filed concurrently with this opposition and motion.  Plaintiff respectfully asks that the Court deny this motion, and grant Plaintiff's motion for alternative or substitute service, under Rule 4(f)(3), as Defendant has actual knowledge of the complaint.

Respectfully Submitted,

*/s/ Randall Garteiser*
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

The undersigned attorney represents and confirms that a conference was not able to be conducted with opposing counsel prior to filing this Motion, and counsel if unopposed to the relief requested herein should file a statement of non-opposition.

*/s/ Randall Garteiser*
Randall Garteiser

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 19, 2024.

*/s/ Randall Garteiser*
Randall Garteiser