**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>v.<br><br>ROCHE DIABETES CARE, LTD., | CIV. NO. 2:23-cv-00585-JRG-RSP<br>Lead Case |
| DISPLAY TECHNOLOGIES, LLC,<br><br>v.<br><br>WONDERSHARE TECHNOLOGY<br>GROUP CO LTD, | CIV. NO. 2:24-cv-00046-JRG-RSP<br>Member Case |
| DISPLAY TECHNOLOGIES, LLC,<br><br>v.<br><br>VIVINT, INC. | CIV. NO. 2:24-cv-00098-JRG-RSP<br>Member Case |

**WONDERSHARE'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF
<u>PROCESS UNDER FED. R. CIV. P. 12(B)(5)</u>**

i

Defendant Wondershare Technology Group Co. Ltd. ("Defendant" or "Wondershare") submits this Reply in support of its Motion to Dismiss Plaintiff Display Technologies, LLC's ("Plaintiff") Complaint under Rule 12(b)(5) and in opposition of Plaintiff's Motion for Alternate Service.  Plaintiff has employed three methods to serve Wondershare that it knows or should have known are ineffective under the law. Plaintiff now seeks alternate service, citing its baseless actions as good faith efforts supporting its request. Plaintiff's request should be denied and the complaint dismissed. Further, because of Plaintiff's legally unsupported and vexatious actions, Wondershare seeks an award of its attorney's fees.

## I.    PROCEDURAL HISTORY

On March 21, 2024, Wondershare moved to dismiss the complaint for insufficient service of process on the basis that Plaintiff's Affidavit of Service was false and ineffective. (Dkt. No. 7, "Wondershare Motion" at 1). Since that filing, Plaintiff withdrew that affidavit (Dkt. No. 9, "First Affidavit"), acknowledging its impropriety and filed a new proof of service on the Texas Secretary of State. (Dkt. No. 8, "Second Affidavit"). In opposing Wondershare's motion, Plaintiff claims it properly served the Texas Secretary of State as Wondershare's "agent," as well as properly served Wondershare by mailing it a copy of the summons and complaint (presumably to its address in China). (Dkt. No. 14, "Opposition" at 3). Implicitly acknowledging these efforts as ineffective, Plaintiff now moves for alternative service on Wondershare's counsel, claiming that its disingenuous attempts at service are good faith efforts that support alternate service. (*Id*. at 1).

## II.    LEGAL AUTHORITY

A complaint may be dismissed under Rule 12(b)(5) for insufficient service of process. FED. R. CIV. P. 12(b)(5). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344,

1346 (5th Cir. 1992).

It is well known that People's Republic of China, although a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, has specifically objected to the Hague Convention's service-via-mail provisions. *See e.g. Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*, No. 4:23-cv-420, 2023 U.S. Dist. LEXIS 201545, *15–16 (E.D. Tex. Nov. 9, 2023).

Texas law permits service on a foreign company by substituted service on the Texas Secretary of State for nonresidents who engage in business in Texas but have neither a regular place of business nor a designated agent. *See* Tex. Civ. Prac. & Rem. Code § 17.044(b). Critically, the statute provides that the Texas Secretary of State "shall immediately mail a copy of the process to the nonresident." *Id.* § 17.045(a).

Multiple courts, including courts in this district, have interpreted this language to mean that service by the Secretary of State (i) implicates the Hague Convention; and (ii) is not effective unless and until the Secretary of State actually mails the process to the defendant. *See Freedom Pats.*, 2023 U.S. Dist. LEXIS 201545 at *15–16. *See also Buffalo Patents, LLC v. ZTE Corp.*, No. 21-cv-1065-ADA, 605 F. Supp. 3d 917, 926 (W.D. Tex. 2022) ("Only then, after forwarding, is service 'valid and complete' under state law. Because the Texas Secretary of State is required to forward the documents to provide notice, Texas's service statute triggers the Hague Service Convention."); *Topstone Communications, Inc. v. Xu*, 603 F. Supp. 3d 493, 498 (S.D. Tex. 2022) ("The Texas secretary of state must send copies of the documents to China in order for defendants to have notice of the lawsuit and for the court to have jurisdiction over them. Therefore, 'the method of serving process involves the transmittal of documents abroad,' and the Hague convention applies.").

A court has discretion to permit service by alternate means but the plaintiff must prove that the alternate service is not prohibited by international agreement and would be constitutionally sound. *Deep Web, LLC v. Kakao Corporation*, No. 2:20-cv-00139-JRG-RSP, Dkt. No. 6 at 4-5 (E.D. Tex.

2

Oct. 3, 2020); Fed. R. Civ. P. 4(f)(3).

### III.    ARGUMENT

#### A.    Plaintiff's Service is Ineffective

Plaintiff has employed three separate methods to attempt service that are ineffective and that Plaintiff knew or should have known are ineffective. As explained in Wondershare's Motion, in the First Affidavit, Plaintiff asserted that it served Wondershare through Corporation Service Company ("CSC"), a company which is not, and has never been, a registered agent for Wondershare. (*See id.* at 1–2). CSC even sent counsel for Plaintiff a letter explaining this fact and rejecting the service. (Dkt. 7-2 at 1). Belatedly acknowledging its impropriety, Plaintiff withdrew that proof of service and does not now rely on it. (Dkt. No. 9).

Subsequently, Plaintiff filed a second Affidavit of Service, purporting to have effected service through the Texas Secretary of State. (Second Affidavit at 1). Plaintiff argues in its Opposition that it opposes the Motion on the basis that service on the Texas Secretary of State was effective, as was its purported mailing of the complaint and summons to Wondershare by FedEx.  (Opposition at 3-4). However, under *Freedom Patents* and caselaw cited above, neither of these methods effected service.

Plaintiff's FedEx mailing is ineffective because China has specifically objected to service by mail under the Hague Convention. *Freedom Pats.*, 2023 U.S. Dist. LEXIS 201545 at *15–16. Similarly, Plaintiff's service on the Texas Secretary of State is ineffective against Wondershare, a Chinese company, because this method requires transmittal abroad by mail and implicates the Hague Convention. *Id.*  Because Plaintiff has not met its burden to show that service is valid, the complaint should be dismissed.

#### B.    Plaintiff is Not Entitled to Alternate Service

Plaintiff has chosen to attempt service using three methods clearly ineffective under the law and has taken no actions to serve Wondershare according to the Hague Convention. Instead, Plaintiff

is requesting this Court to permit it to sidestep legally required methods from the outset and countenance its bad faith actions.

"[P]principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its effort to secure service of process upon a defendant." *Buffalo Patents*, 605 F. Supp. 3d. at 927, *citing Monolithic Power Systems, Inc. v. Meraki Integrated Circuit Technology, LTD.,* No. 6:20-CV-00876-ADA, 2021 WL 4974040 (N.D. Tex. Oct. 25, 2021). This Court has stated that "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Deep Web*, No. 2:20-cv-00139-JRG-RSP Dkt. No. at 4-5, *citing Terrestrial Comms LLC v. NEC Corp.,* No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *3 (W.D. Tex. June 24, 2020) (collecting cases). *See also Buffalo Patents*, 605 F. Supp. 3d. at 927 (denying request for alternative service because plaintiff had not attempted service via the Hague, stating "[w]hile service under *Rule 4(f)(3)* is neither a 'last resort' or 'extraordinary relief,' this Court has held that it is more likely to permit alternative service after service in compliance with the Hague Service Convention was attempted, not before.").

Not only has Plaintiff failed to attempt service through the Hague Convention, Plaintiff has not shown that alternate service in this case is constitutionally sound. *See Deep Web, LLC*, No. 2:20-cv-00139-JRG-RSP, Dkt. No. at 5. Plaintiff repeatedly claims that it should not have to attempt service under the Hague Convention because it will cause further delay, costs, and expense. (Opposition at 2). This complaint rings hollow. *Plaintiff* chose to waste the last three months on ineffective methods of service. *Plaintiff* chose not to use a method of service it knows is effective. In doing so, *Plaintiff* chose to transfer its costs and expenses to Wondershare in having to challenge its legally baseless positions.

Granting Plaintiff alternate service under these circumstances would sanction and encourage plaintiffs to knowingly flout US and international law to quickly effect service. Such a ruling would

4

also penalize foreign corporations who follow US law and engage US counsel to specifically object to service, as permitted and provided for in the Federal Rules of Procedure and existing caselaw.

### C. Wondershare is Entitled to Attorney's Fees

Wondershare is entitled to its attorney's fees because it has had to engage in motion practice resulting solely from Plaintiff's filings that lack any basis in fact or law. Instead of immediately acknowledging that its first proof of service was incorrect and pursuing service via the Hague Convention, Plaintiff doubled down and attempted service by two more ineffective methods. Plaintiff has no support or excuse for claiming it has effected service. Therefore, Wondershare respectfully requests the Court award its attorney's fees in connection with this motion.

## IV. CONCLUSION

Wondershare respectfully requests that this Court deny Plaintiff's motion for alternate service, dismiss the complaint, and award Wondershare its attorney's fees.

Dated: April 26, 2024

Respectfully submitted,

/s/ *Darlene F. Ghavimi*
Darlene F. Ghavimi
TX Bar No. 24072114
K&L GATES LLP
2801 Via Fortuna, Suite #650
Austin, Texas 78746
(512) 482-6919
darlene.ghavimi@klgates.com

*Attorney for Defendant Wondershare
Technology Group Co. Ltd.*

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically via the Court's CM/ECF filing system. Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 26th day of April, 2024.

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi