UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE DIABETES CARE, LTD.,<br><br>Defendant.<br><br>DISPLAY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WONDERSHARE TECHNOLOGY GROUP CO LTD.,<br><br>Defendant. | Lead Case No. 2:23-cv-00585-JRG-RSP<br><br>Consolidated Case No. 2:24-cv-00046-JRG-RSP<br><br>[Concurrently filed with supporting declarations of Colin R. Jensen and Randall Garteiser] |

**SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR IMPROPER SERVICE AND REPLY IN SUPPORT OF MOTION FOR ALTERNATE SERVICE**

Now comes Plaintiff filing Reply in Support of its Motion for Alternative Service under Rule 4(f)(3) and also Plaintiff's Sur-Reply in Support of its Opposition to Defendant Wondershare's motion to dismiss under Rule 12(b)(5).

Defendant Wondershare Technology Group Co Ltd.'s Reply in support of its motion to dismiss, fails to address the glaring fact that Wondershare's Canadian Office refused to accept service. Declaration of Colin R. Jensen, ¶ 11, ¶ 12, Exhibit 2, Exhibit 3.

1

Defendant's Reply concedes it has actual knowledge about this litigation, which it cannot deny because Plaintiff provided Wondershare a 30-day stipulated (agreed) extension, and Wondershare considered and rejected Plaintiff's request for a waiver of service in exchange for a 60 or 90 day extension. (**Exhibit A** to the Declaration of Randall Garteiser).

> Will Wondershare agree to waive service for a 60 or 90 day extension under Rule 4.

*Figure 1* – Exhibit A excerpt from Plaintiff's counsel asking Wondershare if it will agree to waive service of process under Rule 4.

In something not seen before by Plaintiff's counsel, a FedEx courier attempting service in Canada after attempting service clarified in the FedEx official record that "Delivery was refused by the recipient," where the recipient is the Defendant Wondershare, not a subsidiary of the Defendant. **Exhibit 3** at 3.



*Figure 2* – FedEx Canadian Office Entry "Delivery was refused by the recipient." **Exhibit 3** at 3.

As a global company, Wondershare's website touts its office in Canada located at 200-4445 LOUGHEED HWY, BURNABY, BC CA V5C0E4.  Exhibit 2 at 1; Exhibit 3 at 1 (same address).



*Figure 3* – Excerpt from **Exhibit 2** Defendant Wondershare's website as last visited on May 10, 2024.

The address Canadian address listed on Wondershare's own website of 200-4445 LOUGHEED HWY, BURNABY, BC CA V5C0E4, is the identical address Plaintiff served via FedEx Delivery as shown in **Exhibit 3**.  As such, Defendant not only has personal knowledge of this lawsuit but is now actively refusing to accept service.  *Compare* **Exhibit 3** *with* **Exhibit 2**.



*Figure 4* – **Exhibit 3** excerpt showing Wondershare address is identical Wondershare's website.

3

Thus, Defendant Wondershare is now dodging service, unnecessarily increasing the cost of this litigation, and delaying the case from proceeding with judicial economy as it is consolidated with co-defendants Roche and Vivint.

Additionally, Defendant Wondershare's Reply completely fails to address the cases directly on point supporting Plaintiff's motion for alternative service under Rule 4(f)(3). Dkt. 14 (Opp.) at 2 (citing cases including [1] *In re OnePlus*, [2] *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, and [3] *Stingray IP Sols., LLC v. Signify N.V.* 2021 WL 9095765, at *4 (E.D. Tex. Nov. 2, 2021)). Instead, Defendant resorts to citing bankruptcy case involving a default, not applicable to the facts in play here where Plaintiff has actual notice of this lawsuit so there is no concern about taking advantage of an unsuspecting defendant.

Moreover, Wondershare's Reply fails to address Plaintiff's plain statement of the law - "alternative service is not precluded by the Hague Convention." Dkt. 14 (Opp.) at 2 (*citing Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

Plaintiff respectfully asks that the Court deny Wondershare's motion, and grant Plaintiff's motion for alternative or substitute service, under Rule 4(f)(3) to avoid additional delay in this consolidated case. 4(f)(3) relief when "failure to permit alternat[ive] service will result in unduly long delays in litigation." *Int'l Designs Corp., LLC v. Qindao SeaForest Hair Prods. Co., Ltd.*, No. 17-60431-CIV-MORENO, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018).

///

Respectfully Submitted,

        */s/ Randall Garteiser*
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  sfuller@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 284-5200

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 11, 2024.

        */s/ Randall Garteiser*
        Randall Garteiser