IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ROCHE DIABETES CARE, LTD.,**<br><br>Defendant. | **Lead Case: 2:23-cv-00585-JRG-RSP**<br><br>Consolidated Case: 2:24-cv-00046-JRG-RSP<br><br>**Jury Trial Demanded** |
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**WONDERSHARE TECHNOLOGY GROUP CO LTD.,**<br><br>Defendant. | Consolidated Case: 2:24-cv-00046-JRG-RSP |

## DECLARATION OF COLIN R. JENSEN

I, Colin Jensen, declare as follows:

1. I work at the law firm of Garteiser Honea, PLLC, based in Tyler, Texas. Garteiser Honea represents Display Technologies, LLC ("Display Technologies") in this lawsuit. I have personal knowledge of the information contained in this declaration and can testify to the truth of these statements.

2. On January 25, 2024, Display Technologies filed its initial complaint against the Wondershare Technology Group Co. Ltd. ("Wondershare") at case no. *2:24-cv-46*, Dkt 1.

3. On January 26, 2024, the Clerk issued a summons (Dkt. 3).

4. On January 26, 2024, I sent the summons out for service. On January 29, 2024,

service was executed at Corporation Service Company in Austin, TX.  This executed service was filed on February 12, 2024 (Dkt. 4).  (This service was later withdrawn as served-in-error at Docket 8.)

5.      On February 20, 2024, Darlene Fae Ghavimi emailed with our firm to discuss these filings, then appeared for Wondershare (Dkt. 5) and we jointly agreed to petition the Court for a 30 Day Extension of Time to Answer (Dkt. 6) until March 21, 2024.

6.      Thirty (30) days later, on March 21, 2024, Wondershare filed its Motion to Dismiss for Insufficient Service (Dkt. 7), referencing the complaint and saying they had not sufficiently been made aware it.

7.      Wondershare's Motion to Dismiss included as Exhibit A, a Declaration from Meifeng Li, Senior (in-house) Counsel at Wondershare Technology Group Co. Ltd., referencing the complaint and saying she had not sufficiently been made aware of it.

8.      Pursuant to their motion to dismiss, I personally sent service out again on March 22 to Wondershare via the Texas Secretary of State.  It was served on March 25 (Dkt. 8).

9.      With knowledge provided to Wondershare's counsel, proof of service at the Secretary of State was filed on April 4 (Dkt. 8), along with a Motion to Withdraw the earlier summons filed (Dkt. 9.)  *See also* **Exhibit 1**.

10.     On April 15, 2024, in response to our suggestion of a waiver of process, Ms. Ghavimi stated "We intend to challenge Display Technologies' service on the Texas Secretary of State as insufficient. Right now, we already have [this] motion pending. But given your withdrawal of the first return of service, the facts in that motion are moot[…] In terms of timing, I would anticipate filing the Amended Motion before the end of [this] week."

11.     Wondershare still insisting service was insufficient despite their emails discussing

the case, their appearance in this case back in February, and their filing of three entries on the docket, on April 18, 2024 I personally overnighted a copy of the complaint and summons to Wondershare's Canadian office at the address shown on their website, which is 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.  *See* **Exhibit 2**.  To avoid doubt, this is not a subsidiary of Defendant Wondershare, but Wondershare itself is located at Canada, not just in China as Wondershare's motion to dismiss leads the Court to believe.  As such, the Texas Secretary of State was served by Display Technologies and the Texas Secretary of State is in the process of serving Wondershare at its Canadian address located on its website.  *See* **Exhibit 2**.

12. On April 19, 2024, FedEx entered a note that "***Delivery was refused by the recipient***" at the same address as indicated on Wondershare's admitted Canadian address - 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4 located plainly on its United States website.  *Compare* **Exhibit 2** *with* **Exhibit 3** (same exact Canadian address.  FedEx returned the packet to our firm (Garteiser Honea) as undeliverable on May 6, after noting again that "Delivery was refused by the recipient."

I declare, on **May 10, 2024**, in Smith County, Texas and under penalty of perjury under the laws of the United States and Texas, that the statements made in this declaration are true and correct.

Dated: May 10, 2024                             /s/ Colin R. Jensen
                                                Colin R. Jensen