**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | **Case No. 2:23-cv-00585-JRG-RSP** |
| **Plaintiff,** | **PATENT CASE** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ROCHE DIABETES CARE, LTD.,** | |
| **Defendant.** | |

**DEFENDANT ROCHE DIABETES CARE, LTD.'S RENEWED MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

### TABLE OF CONTENTS

I.    STATEMENT OF THE ISSUES ....................................................................................2

II.   STATEMENT OF FACTS .........................................................................................3

III.  LEGAL STANDARD ..............................................................................................5

      A.    Personal Jurisdiction..............................................................................................5

      B.    Failure to State a Claim .........................................................................................8

IV.   ARGUMENT ...........................................................................................................9

      A.    This Court Lacks Personal Jurisdiction Over RDC Ltd. .......................................9

            1.   RDC Ltd. is not subject to general personal jurisdiction in this District. ...............................................................................................................9

            2.   RDC Ltd. is not subject to specific jurisdiction in this District.................12

            3.   The assertion of personal jurisdiction would be neither reasonable nor fair. ..............................................................................................................15

      B.    Display Tech's Complaint Fails to State a Claim ...............................................17

            1.   Display Tech Fails to State a Claim for Direct Infringement....................17

            2.   Display Tech Fails to State a Claim for Indirect Infringement. ................19

V.    CONCLUSION ......................................................................................................19

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
  No. C-09-1360 MMC, 2009 WL 1974602 (N.D. Cal. July 8, 2009) ..................................... 18

*Asahi Metal Indus. Co. v. Super. Ct.*,
  480 U.S. 102 (1987) ............................................................................................................... 14

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009) ............................................................................................. 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007) ................................................................................................................. 8

*Bowlby v. City of Aberdeen*,
  681 F.3d 215 (5th Cir. 2012) ................................................................................................... 8

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
  447 F.3d 411 (5th Cir. 2006) ................................................................................................. 12

*Centre One v. Vonage Holdings Corp.*,
  No. 08-cv-00467, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009) ........................................... 5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015)
  (Gilstrap, J.) ............................................................................................................................. 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................................. 8

*Dickson Marine Inc. v. Panalpina, Inc.*,
  179 F.3d 331 (5th Cir. 1999) ................................................................................................. 13

*Diebold Election Sys., Inc. v. AI Tech., Inc.*,
  562 F. Supp. 2d 866 (E.D. Tex. 2008) .................................................................................. 10

*F & G Research, Inc. v. Dynapoint (Taiwan), Inc.*,
  262 F. App'x 277 (Fed. Cir. 2008) .......................................................................................... 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ....................................................................................................... 6, 7, 13

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*,
  85 F.3d 201 (5th Cir. 1996) ................................................................................................... 13

*Hanson v. Denckla*,
    357 U.S. 235 (1958) .................................................................................7

*Harris v. Action Chrysler Jeep Dodge, Inc.*,
    No. 2:09–CV–286, 2010 WL 3489084 (E.D. Tex. Aug. 12, 2010) ......................................10

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*,
    62 F. App'x 322 (Fed. Cir. 2003) ...................................................................7, 9

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) .............................................................................6, 7

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ..............................................................................14

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) ......................................................................6

*Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*,
    528 F. Supp. 3d 647 (E.D. Tex. 2021) ..............................................................5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    134 S.Ct. 2111 (2014) ...........................................................................19

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
    No. CV 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) ...............................18

*Med. Sols., Inc. v. C Change Surgical LLC*,
    541 F.3d 1136 (Fed. Cir. 2008) ....................................................................6

*Merial Ltd. v. Cipla Ltd.*,
    681 F.3d 1283 (Fed. Cir. 2012) ....................................................................7

*N. Star Innovations, Inc. v. Toshiba Corp.*,
    No. 16-115-LPS-CJB, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ...............................18

*Nespresso USA, Inc. v. Ethical Coffee Co. S.A.*,
    263 F. Supp. 3d 498 (D. Del. 2017) ...........................................................14, 15

*Nespresso USA, Inc. v. Ethical Coffee Comp. SA*,
    264 F. Supp. 3d 498 (D. Del. 2017) ............................................................8, 15

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
    No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016) ...............................8

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010) ....................................................................6

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) ................................................................5

*Polar Electro Oy v. Suunto Oy*,
   829 F. 3d 1343 (Fed. Cir. 2016)..........................................................14

*Princeton Digital Image Corp. v. Facebook, Inc.*,
   No. 2:11-CV-400-JRG, 2012 WL 3647182 (E.D. Tex. Aug. 23, 2012)
   (Gilstrap, J.) .......................................................................................11

*Stragent, LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) ................. 9, 19

*Symbology Innovations, LLC v. Roche Diagnostics GMBH Ltd.*
   2017 WL 2832613 (E.D. Tex. Mar. 27, 2017) .............................................1, 19

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
   563 F.3d 1285 (Fed. Cir. 2009)...........................................................8

*Systems Div., Inc. v. Teknek Elecs., Ltd.*,
   253 Fed. Appx. 31 (Fed. Cir. 2007) ....................................................6

*U.S. v. Jon–T Chemicals, Inc.*,
   768 F.2d 686 (5th Cir.1985), *cert. denied,* 475 U.S. 1014 (1986)........................................13

*Univ. of Mass. Med. Sch. v. L'Oréal S.A.*,
   No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018)...................................15

*Viam Corp. v. Iowa Export-Import Trading Co.*,
   84 F.3d 424 (Fed. Cir. 1996) ...............................................................16

*WesternGeco L.L.C. v. Ion Geophysical Corp.*,
   776 F. Supp. 2d 342 (E.D. Tex. 2011) .................................................18

*World Tanker Carriers Corp. v. MV Ya Mawlaya*,
   99 F.3d 717 (5th Cir. 1996) ............................................................7, 8

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ............................................................................7

*York Group, Inc. v. Horizon Casket Group, Inc.*,
   No. H-05-2181, 2006 WL 2141081 (S.D. Tex. Jul. 28, 2006) ............................................10

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010).............................................................17

## Other Authorities

FED. R. CIV. P. 4(k)(2) ................................................................ 7, 8, 9, 15

FED. R. CIV. P. 12(b)(2) ............................................................................... 5, 8, 18, 19

Roche's Motion to Dismiss for lack of personal jurisdiction went unopposed for **over two months** before Display Technologies finally got around to amending its Complaint.  (*See* Dkt. 37 (Second Notice of Non-Opp).)  In all that time, Display Technologies never asked for an extension or explained its lack of opposition—not even after this Court granted another Roche entity's Motion to Dismiss that went unopposed by Display Technologies' counsel.[1]  Nor did Display Technologies otherwise litigate its case, as it **never served infringement contentions**, which were originally due May 15, 2024, and **never served Initial and Additional Disclosures**, which were due June 20, 2024.

Rather than cure its past failings, Display Technologies misuses the DCO's Amended Pleading deadline to put forth a half-hearted amendment that further demonstrates why dismissal is appropriate.  The pleading notably fails to include any facts tying the named Defendant to this District, opting instead for bare and unsupported legal conclusions regarding what Defendant "and/or . . . intermediaries" have done "[u]pon information and belief."  (Dkt. 38 at ¶ 6.)  These allegations are insufficient to survive a motion to dismiss, and this case should thus be dismissed.

As explained in Roche's first motion, Display Technologies should not be rewarded for its lack of diligence and improper forum shopping.  (*See* Dkt. 21.)  Roche Diabetes Care, Ltd. ("RDC Ltd.")[2] was sued because it is a foreign corporation, allowing Display Technologies to improperly assert venue in this District.  But public documentation reveals that the company that actually

---

[1] *See Symbology Innovations, LLC v. Roche Diagnostics GMBH Ltd.*, E.D.Tex. 2:23-cv-00630-JRG, Dkt. No. 14 (Gilstrap, J.).

[2] Display Technologies also did not properly identify the foreign Defendant, which is registered in England and Wales as "Roche Diabetes Care Limited," not the short form "Roche Diabetes Care, Ltd." that Display Technologies used.  Reference to "RDC Ltd." herein refers to "Roche Diabetes Care Limited."

1

provides the Accused Instrumentalities is Roche Diabetes Care, Inc. ("RDC Inc.")—a U.S. company headquartered in Indiana with no place of business in this District.

Display Technologies ignored these public facts in suing RDC Inc., and its Amended Complaint doubles down on its baseless allegations, despite being informed of the relevant public facts in Defendant's first motion.  Display Technologies has now had multiple opportunities to sue the correct defendant in the proper jurisdiction.  After refusing to do so, Display Technologies' case should be dismissed with prejudice.

Display Technologies' claims should also be dismissed because RDC Ltd. does not directly conduct any business in the U.S.  Nor has Display Technologies plausibly alleged as much.  RDC Ltd. thus cannot have performed any infringing acts in the U.S., and Display Technologies has failed to plead a plausible claim of patent infringement.  Dismissal with prejudice is appropriate.

## I.      STATEMENT OF THE ISSUES

1.      A court has personal jurisdiction over a defendant when the plaintiff pleads facts plausibly alleging that either (i) the defendant committed an act or acts in the district giving rise to a stated claim or (ii) the defendant has sufficient minimum contacts with the district such that exercising personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.  Here, RDC Ltd. is a non-U.S. entity, and Display Technologies has not plausibly alleged any facts that purport to show that RDC Ltd. has any operations within or contacts with this District.  Should the Court therefore dismiss Display Technologies' claims for lack of personal jurisdiction?

2.      To sufficiently plead infringement, a plaintiff must identify an infringing act or acts attributable to the defendant.  Here, Display Technologies has not plausibly alleged any acts attributable to RDC Ltd.  Nor could it, as RDC Ltd. does not act within the U.S.  Should the Court therefore dismiss Display Technologies' claims for failure to state a claim?

2

## II.      STATEMENT OF FACTS

In its Complaint, Display Technologies did not provide any facts alleging that this Court has jurisdiction over RDC Ltd.  Instead, Display Technologies included a screenshot with a "Roche Diabetes Care Limited" copyright footer from www.accu-chek.com.  (Dkt. 1 at ¶ 2.)  RDC Ltd. does not, however, develop, sell, or distribute the Accused Instrumentalities in the U.S.  The entity responsible for the Accused Instrumentalities is RDC Inc.  This, too, is clearly shown on the accu-chek.com website that Display Technologies cited:



(Ex. 1, , accessible at https://www.accu-chek.com/about-us.)

The same is true for the Amended Complaint.  Indeed, the only new allegations related to personal jurisdiction are three conclusory paragraphs:

> 5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.
>
> 6.      More specifically, Defendant, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and/or services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Products as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant, directly and/or through intermediaries, solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers, who are residents of the State of Texas and the Eastern District of Texas, who each use and have used the Defendant's products and services in the State of Texas and in the Eastern District of Texas.
>
> 7.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District either directly and/or through Defendant's intermediaries.

(Dkt. 38 at ¶¶ 5-7.)  None of these paragraphs include any specific facts, references to the Accused Instrumentalities, or citations to public information.  (*Id.*)

Display Technologies accuses Roche's blood glucose meter devices called Accu-Chek Guide and Guide Me (the "Accused Devices") when paired with the mySugr mobile application (the "Accused Application") (collectively the "Accused Instrumentalities") of infringing its patents.  (Dkt. 38 at ¶¶ 9, 32, 33; Dkts. 38-3, 38-4.)  The Accused Devices are manufactured and distributed in the U.S. by RDC Inc.—not RDC Ltd.  As shown above, this is clearly stated on the Accu-Chek website.  (Ex. 1, accessible at https://www.accu-chek.com/about-us).  This information

4

is also clearly listed on the packaging, manuals, and product inserts of the Accused Devices, as well as the FDA 510(k) applications for the Accused Devices.  (*See* Exs. 2-6.)  Likewise, the Accused Application is offered in the U.S. by RDC Inc.—not RDC Ltd.

RDC Ltd. is a foreign entity based in the United Kingdom.  RDC, Ltd. and RDC, Inc. are not directly affiliated with each other, and RDC, Inc. is not an "intermediary" of RDC Ltd.  Other than the copyright notice on the accu-chek.com website that erroneously listed "Roche Diabetes Care Limited," there is no evidence pointing to any relationship between RDC Ltd. and the Accused Instrumentalities in the U.S.  (Dkt. 1 at ¶ 2.)  In fact, RDC Ltd. does not even offer the Accused Devices, as evidenced by RDC Ltd.'s website, which does not list the Accused Devices. (Ex. 7.)

## III.  LEGAL STANDARD

### A.  Personal Jurisdiction

In response to a Rule 12(b)(2) motion challenging personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *See Centre One v. Vonage Holdings Corp.*, No. 08-cv-00467, 2009 WL 2461003, at *2 (E.D. Tex. Aug. 10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (*citing Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)).  In assessing personal jurisdiction, this Court need not credit conclusory allegations, even if uncontroverted.  *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)  Further, "[i]t is well settled that courts may take judicial notice of matters of public record" *Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*, 528 F. Supp. 3d 647, 658 (E.D. Tex. 2021) (citing *Sanders v. Univ. of Texas Pan Am.*, 776 F. App'x 835, 837 (5th Cir. 2019)).

The law of the Federal Circuit applies to determine whether a district court may exercise personal jurisdiction over an out-of-state accused infringer in a patent case. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010). "A district court has personal jurisdiction over the defendant in a patent infringement case if two things are true. First, jurisdiction must exist under the forum state's long-arm statute. Second, the assertion of personal jurisdiction must be consistent with the limitations of the due process clause." *Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Personal jurisdiction may be established in one of two ways. The first is specific jurisdiction, which "depends on 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Two methods of establishing specific jurisdiction include the "stream-of-commerce" theory and the "alter ego" theory. The "stream-of-commerce" theory contemplates "a nonresident defendant, acting outside the forum, plac[ing] in the stream of commerce a product that ultimately causes harm inside the forum." *Id.* at 926. Under the alter ego theory, "[e]ven though a party would not normally be subject to personal jurisdiction in a particular forum, courts may exercise personal jurisdiction over an individual or corporation that is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Systems Div., Inc. v. Teknek Elecs., Ltd.*, 253 Fed. Appx. 31, 35 (Fed. Cir. 2007) (citation omitted).

6

The second basis for establishing personal jurisdiction is general jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (citing *Int'l Shoe,* 326 U.S., at 317). For general jurisdiction to apply, federal due process requires that defendants have "minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe*, 326 U.S. at 316. A defendant has minimum contacts with a forum state when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). It is unlawful to exercise personal jurisdiction over a defendant without such minimum contacts. *Int'l Shoe*, 326 U.S. at 316; *F & G Research, Inc. v. Dynapoint (Taiwan), Inc.*, 262 F. App'x 277, 278-79 (Fed. Cir. 2008) (affirming district court's grant of Taiwanese defendant's motion to dismiss where defendant had "no contacts" with the forum). "Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 336 (Fed. Cir. 2003).

Additionally, Rule 4(k)(2) of the Federal Rules of Civil Procedure permits a federal court to exercise personal jurisdiction over a defendant that has sufficient contacts with the U.S. as a whole but is not subject to jurisdiction in any single state. FED. R. CIV. P. 4(k)(2). *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012); *see also World Tanker Carriers Corp. v. MV Ya Mawlaya*, 99 F.3d 717, 721-22 (5th Cir. 1996). In effect, Rule 4(k)(2) "approximates a federal long-arm statute" where the "(1) the plaintiff's claim arises under federal law, (2) the defendant is

not subject to personal jurisdiction in the courts of any state, and (3) the exercise of jurisdiction satisfies due process requirements." *World Tanker*, 99 F.3d 717 at 721-22. "The third requirement under Rule 4(k)(2)—the due process analysis—contemplates a defendant's contacts with the entire U.S., as opposed to the state in which the district court sits." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). Rule 4(k)(2)'s due process analysis incorporates the same constitutional standard applicable in other personal jurisdiction contexts. *Synthes (U.S.A.)* 563 F.3d 1285 at 1296–97.

Even in this situation, however, a non-US corporation itself—not its managing agent, subsidiary, or affiliate—must be "at home" in the forum state for a court to exercise general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014). Further, if "minimum contacts have not been established through either a stream of commerce or agency approach, . . . personal jurisdiction cannot be predicated on Fed. R. Civ. P. 4(k)(2)." *Nespresso USA, Inc. v. Ethical Coffee Comp. SA*, 264 F. Supp. 3d 498, 506 (D. Del. 2017).

### B. Failure to State a Claim

When a court considers a Rule 12(b)(6) motion, it must assume that all well-pleaded facts are true and must view them in the light most favorable to the nonmoving party. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The Court must decide whether those facts state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby*, 681 F.3d at 217 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In a patent case, a plaintiff must allege facts showing that the accused infringer practices each and every limitation of at least one claim to adequately plead direct infringement. *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D.

Tex. July 7, 2016) (dismissing claims of direct infringement because the complaint failed to plausibly allege the defendant practiced all limitations of any asserted claim); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *6 (E.D. Tex. Mar. 3, 2017).   With respect to indirect infringement, a claim for induced infringement must: "1) adequately plead direct infringement by defendant's customers; 2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (*citing In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

## IV.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction Over RDC Ltd.

Display Technologies' Amended Complaint against RDC Ltd. should be dismissed because this Court lacks personal jurisdiction over it.  RDC Ltd. is subject to neither general nor specific jurisdiction under any theory of personal jurisdiction, including the stream-of-commerce of alter-ego theories.   Additionally, Rule 4(k)(2) does not grant this Court personal jurisdiction over RDC Ltd. because RDC Ltd. lacks sufficient contacts with the U.S.

#### 1.   RDC Ltd. is not subject to general personal jurisdiction in this District.

A court may only exercise general jurisdiction when a defendant maintains "continuous and systematic" contacts with the forum state.  "However, these contacts must be 'so substantial and of such a nature as to justify suit [against the defendant] on causes of action arising from dealings entirely different from those activities.'"  *Hockerson-Halberstadt,* 62 F. App'x at 337 (*citing Int'l Shoe*, 326 U.S. at 318).

This requirement is a hurdle that Display Technologies cannot overcome.  Indeed, Display Technologies' Amended Complaint makes no effort to satisfy this requirement besides asserting the bare legal conclusion.  (Dkt. 38 at ¶ 5.)  And "[o]nce a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction."  *Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 876 (E.D. Tex. 2008).

The types of contacts that give rise to personal jurisdiction include property ownership, payment of taxes, frequent travel, having an office or employees in the district, designating an agent for service of process in the district, regular conduct of business, and maintenance of bank accounts in the district.  *Harris v. Action Chrysler Jeep Dodge, Inc.*, No. 2:09–CV–286, 2010 WL 3489084, at *2 (E.D. Tex. Aug. 12, 2010) (finding no general jurisdiction where defendant was not licensed to do business in Texas, had no presence in Texas, and had no agents or employees in Texas); *York Group, Inc. v. Horizon Casket Group, Inc.*, No. H-05-2181, 2006 WL 2141081, at *6 (S.D. Tex. Jul. 28, 2006).  Display Technologies' Amended Complaint fails to allege any facts that RDC Ltd. has any such contacts with the U.S., let alone with Texas.

Display Technologies' Amended Complaint does not allege how, without any operations or employees, RDC Ltd. purposefully directed any activities at Texas.  Instead, the Amended Complaint merely points to "Defendant's ACCU-CHEK Guide meter and 'ACCU-CHEK Guide Me' meter," implying without factual support that RDC Ltd. is somehow accountable for the Accused Device and the Accused Application.  (Dkt. 1 at ¶ 4.)  These allegations are legal conclusions unsupported by any plausible factual allegations.  Nor could they be because these statements are untrue.

10

Display Technologies' Amended Complaint also fails to allege plausible facts to suggest RDC Ltd. has any contacts with Texas that could justify exercise of general jurisdiction.  RDC Ltd. has never done business in Texas, has never had offices or employees in Texas, and has never paid any taxes or fees in Texas.   It has no properties in Texas and directs no activities within the state.

RDC Ltd.'s situation in this case is therefore similar to that before this Court in *Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-CV-400-JRG, 2012 WL 3647182, at *1 (E.D. Tex. Aug. 23, 2012) (Gilstrap, J.).  In that case, the plaintiff sued multiple defendants, including Getty Images, "a holding company that ha[d] never done any business in Texas, never had any offices or employees in Texas, and ha[d] never paid taxes in Texas." *Id.* at *2.  The Court therefore found it did not have personal jurisdiction over Getty Images because "[t]here [was] no evidence in the record to support a plausible claim that Getty Images use[d] (and allegedly infringe[d]) the technology at issue in Texas.  In fact, because it [was] simply a holding company, there [was] no evidence before the Court that Getty Images use[d] the allegedly infringing technology in *any* District." *Id.*  The Court therefore dismissed the claims against Getty Images, even though its operating subsidiary, Getty Images US, was subject to personal jurisdiction in Texas and other states. *Id.* at *3.

This case presents similar facts.  RDC Ltd. is a foreign company with no operations, businesses, offices, or employees in Texas.  On the other hand, RDC Ltd.'s sister company, RDC Inc., may be subject to jurisdiction in the U.S., but it is not subject to venue in this District.  And Display Technologies has not properly alleged that the RDC Inc.'s acts should be imputed to RDC Ltd.—nor can it.  Accordingly, Display Technologies' Amended Complaint is devoid of any facts

11

to support general jurisdiction over RDC Ltd., and Display Technologies' claims against RDC Ltd. should be dismissed.

### 2.    RDC Ltd. is not subject to specific jurisdiction in this District.

The Court also does not have specific jurisdiction over RDC, Ltd.  Specific jurisdiction exists when (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair.  *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d. 1012, 1018 (Fed. Cir. 2009).  The plaintiff has the burden of proving the first two prongs.  Only if the plaintiff first meets its burden of proof is the defendant then required to present a compelling case that the presence of other considerations would render jurisdiction unreasonable.  *Id.*

Display Technologies has not and cannot meet the first two prongs under either theory: stream-of-commerce or alter ego.  Here, RDC Ltd. does not put any products into the stream of commerce in the U.S., and RDC Inc. is not the alter ego of RDC Ltd.  Accordingly, there is no basis for Display Technologies to argue personal jurisdiction over RDC Ltd. based on its activities or the activities of RDC Inc.

### (a) This Court does not have specific jurisdiction under an alter-ego theory.

Display Technologies cannot impute any of RDC Inc.'s activities to RDC, Ltd. under an alter-ego theory, nor does Display Technologies attempt to make any such allegations.  "The alter ego doctrine, like all variations of piercing the corporate veil doctrine, is reserved for exceptional cases."  *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006).  As such, Display Technologies must undertake an exhaustive 11-factor[3] analysis to apply this doctrine.

---

[3] The Fifth Circuit has developed the following list of factors to be used when determining whether a subsidiary is the alter ego of the parent: "(1) the parent and the subsidiary have common stock ownership; (2) the parent and the subsidiary have common directors or officers; (3) the parent and

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 208-09 (5th Cir. 1996). Yet, Display Technologies' Amended Complaint does not address **a single factor**, even though Defendant raised this issue in its first motion.

Display Technologies does not provide any plausible factual allegations suggesting any kind of relationship between RDC Inc. and RDC Ltd., apart from the copyright notice on Accu-chek.com.  (Dkt. 1 at ¶ 2.)  In fact, Display Technologies does not even mention RDC Inc. in its Amended Complaint.  Display Technologies also turns a blind eye to the overwhelming amount of evidence that RDC Inc. is the entity responsible for the Accused Instrumentalities.  (*See* Exs. 2-6.)  In sum, Display Technologies can point to no facts justifying a deviation from the long-established "institutional independence of related corporations."  *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999).  Accordingly, Display Technologies has not established that this Court can exercise specific jurisdiction under an alter ego theory.

### (b) Specific jurisdiction does not exist under the stream-of-commerce theory.

The "stream-of-commerce" theory contemplates "a nonresident defendant, acting outside the forum, plac[ing] in the stream of commerce a product that ultimately causes harm inside the forum."  *Goodyear*, 564 U.S. at 926.  But in patent infringement actions, this theory applies only in limited circumstances, none of which are present here.

---

the subsidiary have common business departments; (4) the parent and the subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiaries property as its own; (11) the daily operations of the two corporations are not kept separate; and (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings." *U.S. v. Jon–T Chemicals, Inc.,* 768 F.2d 686, 691–92 (5th Cir.1985) (internal citations omitted), *cert. denied,* 475 U.S. 1014 (1986).

The Supreme Court has articulated two tests for specific jurisdiction under a stream-of-commerce theory.  The first test requires that the defendant place the accused products into the stream of commerce and be "aware that the final product is being marketed in the forum State." *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 117 (1987); *accord J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881-82 (2011).  The second test is the same as the first but additionally requires "an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112; *J. McIntyre*, 564 U.S. at 883. The Federal Circuit has thus far not decided which test to adopt for patent cases.  *See, e.g.*, *Polar Electro Oy v. Suunto Oy*, 829 F. 3d 1343, 1349-50 (Fed. Cir. 2016).

Display Technologies cannot satisfy the most basic element of either test.  As clearly explained in the manuals, packaging, and product inserts of the Accused Devices (Guide and Guide Me), RDC Inc. is the manufacturer of these devices.  (*See* Exs. 5, 6.)  Similarly, the publicly available FDA 501(k) applications for the Guide and Guide Me devices were filed by RDC Inc. (*See* Exs. 2, 3, 4[4].)  Meanwhile, RDC Ltd. does not sell either of the Accused Devices in the U.S. In addition, public information clearly shows that the Accused Application (mySugr) was not developed or provided by RDC Ltd.

Display Technologies also does not allege any facts to suggest that RDC Ltd. puts any products in the stream of commerce.  The stream-of-commerce "refers to the movement of goods from manufacturers through distributors to consumers."  *J. McIntyre*, 564 U.S. at 881-82.  RDC Ltd. does not develop, manufacture, distribute, import, or ship the Guide and Guide Me devices, or the mySugr application in the U.S.  The meters that RDC Ltd. sells in the UK are not even sold

---

[4] These Exhibits do not show the full name of the applicant entity as RDC Inc.; however, other information on them reveal that they are directed at RDC Inc.  For example, the addresses as shown is that of RDC Inc.

14

in the U.S. market. Therefore, RDC Ltd. does not put any products into the stream of commerce in the U.S., and this Court has no specific jurisdiction over RDC Ltd. *See Nespresso USA, Inc. v. Ethical Coffee Co. S.A.*, 263 F. Supp. 3d 498 (D. Del. 2017) (finding no specific jurisdiction under stream-of-commerce theory where foreign defendant did not manufacture, distribute, import, or ship the accused products); *Univ. of Mass. Med. Sch. v. L'Oréal S.A.*, No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018) (same).

Courts have found that a U.S. entity introducing an accused product into the stream of commerce is insufficient to show personal jurisdiction over a foreign affiliate. In *Nespresso*, for example, the court rejected the argument that the Swiss defendants could be held responsible for the actions of their U.S. subsidiary. 263 F. Supp. 3d at 504. Rather, the plaintiff needed to "demonstrate that Nestlé and Nestec [Swiss defendants] were responsible for introducing the Nespresso machines [accused products] into the stream of commerce, and not simply that a subsidiary within the U.S. introduced the Nespresso machines." *Id.* The *Nespresso* court found that "[s]ince minimum contacts have not been established through either a stream of commerce or agency approach, ipso facto, personal jurisdiction cannot be predicated on Fed. R. Civ. P. 4(k)(2)." *Id.* at 506.

The same applies here. RDC, Ltd. is a separate entity located overseas, and RDC, Inc.'s activities cannot be imputed onto RDC, Ltd. to establish personal jurisdiction under Rule 4(k)(2). Display Technologies cannot and did not allege otherwise, and thus any "stream-of-commerce" theory of personal specific jurisdiction must fail.

### 3. The assertion of personal jurisdiction would be neither reasonable nor fair.

Even if Display Technologies could properly allege facts to support the first two prongs of the personal jurisdiction test (which it did not), this Court should still decline to exercise personal

jurisdiction because it would be neither fair nor reasonable to force RDC Ltd. to litigate Display Technologies' claims in this unfamiliar forum.

The third factor regarding traditional notions of fair play and substantial justice involves a balancing test with five questions. First, what is the burden on the defendant? Second, what, if any, are the interests of the forum state? Third, what is the plaintiff's interest in obtaining relief? Fourth, what is the interstate judicial system's interest in obtaining the most efficient resolution of the controversies? And fifth, what are the interests of the states in furthering their social policies? *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996).

These factors weigh against finding specific jurisdiction here. Traditional notions of fair play and substantial justice should weigh against allowing a plaintiff to circumvent the patent venue rules set by the Supreme Court in *TC Heartland.* RDC, Ltd. is a foreign company with no employees in Texas. It has been pulled into this dispute by Display Technologies solely because it was mistakenly listed on a copyright notice on a website—while the same website also clearly shows that RDC, Inc. is the actual company involved in providing the Accused Instrumentalities in the U.S. (Exs. 1-6.) And RDC, Inc. is based in Indianapolis, not Texas.

Considering the five questions, it becomes even clearer that the Court should not find specific jurisdiction here. On the first question, the burden on RDC Ltd. is significant, as exercising jurisdiction would force RDC Ltd. to litigate in an unfamiliar forum wherein it has no activities or personnel. This dispute centers on activities involving the Accused Instrumentalities, and the entity responsible for them is one that Display Technologies refused to add to this case, because adding RDC Inc. as a defendant would destroy venue. Proceeding with RDC Ltd. as the lone defendant would nonetheless introduce delay for the Court and increased costs for the parties because RDC Ltd. does not possess any relevant information, and any evidence or witnesses for

16

RDC Ltd. would be located outside the U.S., while any relevant witnesses for RDC Inc. would be located in Indiana.

For the second and third questions, neither the parties nor the State of Texas has any interest in forcing a sister company with no employees to litigate in this District.  Nor does Display Technologies have any genuine interest in litigating this lawsuit in Texas.  Display Technologies has no website and makes no products and it appears Display Technologies was created solely for purposes of litigation (as evidenced by the approximately 95 lawsuits it has filed).  Any local interest therefore is minimal.  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding plaintiff's interest entitled to no weight where its "presence in Texas appears to be recent, ephemeral, and an artifact of litigation").

Regarding the fourth question, the interstate judicial system has no interest in maintaining this litigation in this District because the relevant parties, RDC, Ltd. and RDC, Inc., do not have any connection to this District.  And on the fifth and final question, resolving allegations of patent infringement is, at best, marginally relevant to any state's social policies.  Consequently, the answers to these questions establish that exercising personal jurisdiction over RDC, Ltd. would not be fair or reasonable.

In sum, Display Technologies' Amended Complaint should be dismissed because this Court lacks personal jurisdiction over the only named defendant—RDC Ltd.

## B.  Display Tech's Complaint Fails to State a Claim

### 1.    Display Tech Fails to State a Claim for Direct Infringement.

The Amended Complaint fails to tie the alleged infringement to RDC Ltd. and thus fails to state a claim for direct infringement.  Display Technologies' only pleaded connection between RDC Ltd. and the alleged direct infringement is that RDC Ltd. is listed on the copyright notice of Accu-chek.com, (Dkt. 38 at ¶ 2), but a minimal investigation (*e.g.,* looking at Accu-chek.com's

"About Us" Page) would show that the provider of the Accused Devices is actually RDC Inc.  (*See* Ex. 1.)  As discussed above, RDC Ltd. does not perform any business activities in the U.S. and therefore engages in no activities that Display Technologies could accuse of direct infringement. None of the remaining allegations in the Amended Complaint suggest that RDC Ltd. provides the Accused Instrumentalities to customers in this District.  Display Technologies knows the proper defendant is RDC Inc., but Display Technologies also knows that any attempt to add RDC Inc. as a defendant would make venue improper in this District.  If Display Technologies seeks relief, it should file suit against RDC Inc. in Delaware or Indiana, where it resides and has a regular and established places of business.

Dismissal pursuant to Rule 12(b)(6) is appropriate when a complaint fails to adequately plead infringement against the named defendant.  *See, e.g.*, *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342 (E.D. Tex. 2011) (dismissing patent infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) where the allegedly infringing acts took place outside of the U.S.); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 WL 1974602, at *3 (N.D. Cal. July 8, 2009) ("To the extent KTI seeks dismissal of the complaint for failure to allege infringing activity by KTI within the U.S., the [Rule 12(b)(6)] motion will be granted."); *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. CV 15-438-LPS-CJB, 2015 WL 7833206, at *4, 6 (D. Del. Dec. 3, 2015) (dismissing infringement claim against a foreign defendant pursuant to Rule 12(b)(6)); *N. Star Innovations, Inc. v. Toshiba Corp.*, No. 16-115-LPS-CJB, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016) (dismissing complaint pursuant to Rule 12(b)(6) for failing to provide "factual allegations about the nature of defendant's business, nor their activities in the United States" and observing that "without more, the fact that [the Japanese defendant] is not a U.S.-based entity might well affirmatively suggest that it has not done any of these things").

18

Display Technologies failed to plead any facts to support direct infringement by RDC, Ltd., and its case should thus be dismissed.

### 2.      Display Tech Fails to State a Claim for Indirect Infringement.

The Amended Complaint also fails to connect RDC Ltd. to any alleged indirect infringement.  Indeed, Display Technologies does not even explicitly allege indirect infringement, and instead merely pleads that the "Patent Claims [are] asserted directly and indirectly."  (Dkt. 38 at ¶ 9.)   To the extent this can be read as an allegation of indirect infringement, this claim should nevertheless be dismissed at least because Display Technologies failed to adequately plead direct infringement, which is a required element of any indirect infringement claim.  *See Stragent, LLC v. BMW of N. Am.*, LLC, No. 6:16-CV-00446-RWSKNM, 2017 WL 2821697, *7 (E.D. Tex. Mar. 3, 2017, adopted by, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017) ("As a threshold matter, Stragent's indirect infringement claims fail because the Complaint has not plausibly pled that [the accused products] directly infringe the asserted claims."); *see also Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S.Ct. 2111, 2117 (2014) ("[W]here there has been no direct infringement, there can be no induced infringement under § 271(b).").  And because Display Technologies has wholly failed to the plead the other elements of indirect infringement, it has failed to state a claim for indirect infringement.  Dismissal of all infringement claims is thus warranted.

## V.      CONCLUSION

For the foregoing reasons, RDC, Ltd. respectfully requests that this Court dismiss the allegations against RDC Ltd. with prejudice under Rules 12(b)(2) and 12(b)(6).

Dated: July 26, 2024                    Respectfully submitted,

                                        By:  */s/ Aaron P. Pirouznia*
                                            Terry J. Stalford
                                            Texas Bar No. 24011686
                                            stalford@fr.com
                                            Aaron P. Pirouznia
                                            Texas Bar No. 24098958
                                            pirouznia@fr.com
                                            Noel F. Chakkalakal
                                            Texas Bar No. 24053676
                                            chakkalakal@fr.com
                                            Alexander H. Martin
                                            Texas Bar No. 24091828
                                            martin@fr.com
                                            FISH & RICHARDSON P.C.
                                            1717 Main Street, Suite 5000
                                            Dallas, TX  75201
                                            Telephone: (214) 747-5070

                                        **COUNSEL FOR DEFENDANT
                                        ROCHE DIABETES CARE, LIMITED**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 26, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                        */s/ Aaron P. Pirouznia*
                                        Aaron P. Pirouznia